UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT F. RIVERA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHRISTINE GREGOIRE,<br><br>                    Defendant. | Case No.  C06-5493 RBL/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**NOTED FOR:**<br>**December 1, 2006** |

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.  Plaintiff's application was deficient as the Court was unable to determine his eligibility for *in forma pauperis* status based on the information submitted by Plaintiff.  Accordingly, Plaintiff was ordered to show cause why his application should not be dismissed.  (Dkt. # 4).  Plaintiff has not responded to the Court's Order.

DISCUSSION

      The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

      Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  See Temple v. Ellerthorpe, 586

F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

On August 28, 2006, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. # 1). On August 30, 2006, the Clerk sent Plaintiff a letter informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis* by submitting the proper *in forma pauperis* application with the appropriate six month trust account statement, authorization and acknowledgment form and consent form, submitting the sufficient number of copies of the Complaint for service on all of the defendants, and by furnishing the full name and address of each named defendant, or this matter could be subject to dismissal. (Dkt. # 2). In response, Plaintiff filed a notice of appeal of the Clerk's letter. (Dkt. # 3).

On October 3, 2006, Plaintiff was ordered to cure the deficiencies in his application to proceed *in forma pauperis* by providing no later than October 31, 2006, a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint; a copy of the acknowledgment and authorization form pursuant to 28 U.S.C. § 1915(b); submitting the sufficient number of copies of the Complaint for service on all of the defendants, and by furnishing the full name and address of each named defendant, or this matter could be subject to dismissal. (Dkt. # 4). Plaintiff did not respond to the order to show cause nor did he request an extension of time within which to respond.

## CONCLUSION

Because Plaintiff has failed to respond to the Court's order to show cause regarding his need to pay the court filing fee or file a proper application to proceed *in forma pauperis*, the undersigned recommends the court dismiss Plaintiff's Complaint unless he pays the required $350.00 fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION
Page - 2

1   Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b),
2   the Clerk is directed to set this matter for consideration on **December 1, 2006**, as noted in the caption.

4          Dated this  6th  day of November, 2006.

                                                              /s/ Karen L. Strombom
                                                              Karen L. Strombom
                                                              United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3